# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60097
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2019

Lyle W. Cayce
Clerk

KEITH LA-DALE PORTER,

Plaintiff-Appellant

v.

TROY PETERSON, Sheriff; EVAN HUBBARD, Warden; JUSTIN RICHARDS; HARRISON COUNTY, MISSISSIPPI,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:16-CV-430

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Keith La-Dale Porter, Mississippi prisoner # N7247, appeals the summary judgment dismissal of his 42 U.S.C. § 1983 civil rights action. The magistrate judge, presiding by consent, determined that Porter had failed to exhaust his administrative remedies before pursuing § 1983 relief by not completing the administrative grievance process of the Harrison County

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60097

Adult Detention Center (HCADC).   Reviewing the judgment de novo, we conclude that the appeal is frivolous.  *See McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  To that end, federal law forbids prisoners from bringing a § 1983 suit with respect to prison conditions "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 85 (2006).  Under this court's "strict approach" to exhaustion, "[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their [§ 1983] complaint . . . and the case must be dismissed if available administrative remedies were not exhausted."  *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012); *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003), *overruled on other grounds as recognized in Johnson v. Ford*, 261 F. App'x 752, 755-57 (5th Cir. 2008).  To exhaust, a prisoner must pursue the grievance process "to conclusion."  *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

The unrebutted summary judgment evidence establishes that the HCADC has a three-step administrative grievance process and that Porter, by his own concession, did not file a third-step grievance in relation to the matter forming the basis of his § 1983 complaint.  Consequently, dismissal of his § 1983 action for failure to exhaust was mandatory.  *See Woodford*, 548 U.S. at 85; *Gonzalez*, 702 F.3d at 788.  We do not consider Porter's contentions that the exhaustion requirement was effectively satisfied by Warden Hubbard's involvement with Porter's first-step grievance, or, alternatively, that exhaustion is not required in this case because it is raised for the first time on

No. 18-60097

appeal and, in any event, are wholly conclusional. *See Macklin v. City of New Orleans*, 293 F.3d 237, 241 (5th Cir. 2002); *James v. McCaw Cellular Commc'ns, Inc.*, 988 F.2d 583, 585 (5th Cir. 1993).

On this evidence, there can be no genuine factual dispute that Porter failed to exhaust his administrative remedies or that, because dismissal of his § 1983 action was thus mandatory, the defendants are entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a); *Woodford*, 548 U.S. at 85; *Gonzalez*, 702 F.3d at 788. As Porter's appeal is without arguable merit, it is dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike against Porter under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Porter is warned that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.